UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RUBENZ DEUS,

                Plaintiff,

    -against-                      **COMPLAINT**

CITY OF NEW YORK, JOHN and JANE
DOES 1-4,

                                **PLAINTIFF DEMANDS**
                Defendants.      **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Rubenz Deus, by his attorneys, Lumer & Neville, as for his complaint against the defendants, allege, upon information and belief, as follows:

### PARTIES, JURISDICTION and VENUE

        1.     At all relevant times herein, plaintiff Rubenz Deus was a male resident of Kings County, within the City and State of New York.

        2.     At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

        3.     At all relevant times hereinafter mentioned, defendants John and Jane Does 1-4 were individuals whose identities are unknown to plaintiff but who were employed by the City of New York as members of the NYPD. The Doe defendants are sued herein in both their official and individual capacities.

4. At all relevant times herein the Doe defendants were acting in the course of their employment with the NYPD under color of law.

5. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, *et seq.*, and 42 U.S.C. §1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

6. Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because the arrest complained of occurred within the Eastern District of New York, and because it is the district of residence for the plaintiff and the municipal defendant.

## FACTUAL ALLEGATIONS

7. On April 11, 2013, at about, or between, 1:00 and 1:30 a.m., plaintiff was lawfully present as a passenger in a car traveling Brooklyn, New York.

8. Two individuals were sitting the front seats. The driver's first name was Alan. Plaintiff and another individual were sitting in the rear seat.

9. For reasons that were unknown to plaintiff, an unmarked NYPD vehicle operated and occupied by the Doe defendants directed Alan to pull over. Alan promptly complied.

10. The Doe defendants directed all four occupants of the car to exit the vehicle and stand behind the car.

11. All four occupants were searched, and then told to return to the inside of the vehicle.

12. Plaintiff did not possess any narcotics or contraband of any sort.

13. While plaintiff and the three other men were sitting inside the car, the Doe defendants, without seeking or receiving consent, opened the trunk of the car.

14. Shortly thereafter, the Doe defendants handcuffed, seized, and arrested plaintiff and the three other occupants of the vehicle.

15. Plaintiff, and the other occupants, were transported to a local area NYPD station house, where plaintiff was subjected to a strip search.

16. Plaintiff was later transported to Kings County Central Booking, where he held imprisoned for a number of hours, pending his arraignment.

17. The Kings County District Attorney declined to prosecute plaintiff, and he was eventually released from custody without being criminally charged.

18. Plaintiff was not in actual or constructive possession of any weapons, drugs, or contraband of any kind, nor would it have been reasonable for the defendants to believe such possession existed.

19. At no time did the Doe defendants have probable cause to seize or arrest plaintiff, nor was there any reasonable basis for the defendants to believe such cause existed.

20. At no time did the Doe defendants have any legal basis to imprison or hold plaintiff, nor was there any reasonable basis for the defendants to believe such cause existed.

21. Although it was apparent that there was no lawful basis for the seizure, and despite the ample opportunity during the many hours of plaintiff's detention to intervene in or mitigate the defendants' unconstitutional conduct, none of the Doe defendants made any effort to prevent, halt, or limit the unlawful arrest and imprisonment.

22. At all times relevant herein, each of the defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

23. Plaintiff repeats each of the preceding paragraphs as if incorporated and reiterated herein.

24. Defendants willfully and intentionally seized, searched and arrested plaintiff, or otherwise caused and brought about his seizure, search and arrest, without cause, and without a reasonable basis to believe such cause existed.

25. In so doing, defendants violated plaintiff's rights under the Fourth, and Fourteenth Amendments of the United States Constitution, and are liable to plaintiff for his false arrest and imprisonment.

26. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused the plaintiff to be deprived of his federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

27. Plaintiff repeats each of the preceding paragraphs as if incorporated and reiterated herein.

28. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority in terms of making false arrests and lying to prosecutors to cover up said arrests and cause the malicious prosecution of persons wrongly arrested. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

29. In addition, supervisory officers within the Organized Crime Control Bureau and Patrol Divisions are well aware that its members routinely arrest people without any regard for whether probable cause for those arrests exist, and do so to artificially enhance their productivity numbers.

30. As a result of such conduct, generally, scores of citizens are falsely arrested and jailed, and often wrongly prosecuted and, almost certainly, wrongly convicted and imprisoned. Notwithstanding their knowledge of the existence of these informal policies and conduct, the City of New York and the NYPD have failed to take any meaningful steps

to supervise, investigate, or discipline the offending officers, and are deliberately indifferent to the harms this course of conduct has caused and will continue to cause.

31. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

32. The negligent supervision of NYPD officers by the City of New York and the NYPD, have resulted in the violation of the plaintiff's rights as set forth herein.

33. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused the plaintiff to be deprived of his federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages against the Doe defendants in an amount to be determined at trial;

    ii.    on the second cause of action actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, as well as disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:   New York, New York
             January 8, 2015

                                LUMER & NEVILLE
                                Attorneys for Plaintiffs

By: _____
                                Michael Lumer, Esq.
                                225 Broadway, Suite 2700
                                New York, New York 10007
                                (212) 566-5060